Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 341 | **DATE** | 3/10/2003 |
| **CASE TITLE** | | USA vs. Billie Lewis | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Lewis' motion to dismiss must be and is denied. (26-1) This ruling ends the period of exclusion for Speedy Trial Act purposes, and a status hearing is therefore ordered to be held at 1:15 p.m. March 13, 2003 to discuss whether any further delays are essential to permit the parties to prepare for trial and (2) if appropriate, to set a trial date.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 11 2003 | 32 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 3/10/2003 | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
 )
            Plaintiff,   )
 )
       v.                )  No. 02 CR 0341
 )
BILLIE LEWIS,            )
 )
            Defendant.   )

MEMORANDUM OPINION AND ORDER

Defendant Billie Lewis ("Lewis") has filed a motion to strike all but one (Count Two) of the five counts in the indictment in this case as untimely brought. This Court has conducted an evidentiary hearing, as well as being provided by counsel for both sides with thoughtful submissions on the legal issues involved. This Court has given the matter careful consideration, and it denies Lewis' motion.

What is essentially at issue is whether the sealing of the indictment between its return date of April 10, 2002 and the later date when Lewis was served and the indictment was unsealed causes the former date rather than the latter to be operative for limitations purposes. Lewis urges that this Court follow the approach taken in <u>United States v. Deglomini</u>, 111 F. Supp.2nd 198 (E.D.N.Y. 2000) under which a negative answer to the question whether the sealing of an indictment is for a "proper purpose" not only serves to delay the time when the indictment is "found" for purposes of the 18 U.S.C. § 3282 ("Section 3282) statute of



limitations, but does so even in the absence of any actual prejudice to defendant during the period between sealing and unsealing.

But such cases as United States v. Thompson, 287 F.3d 1244, 1251 (10th Cir. 2002) (footnote omitted) announce a different rule:

> This court holds that an indictment is "found" under 18 U.S.C. § 3282 when the grand jury votes to indict the defendant and the foreperson subscribes the indictment as a true bill. Whether the indictment is then sealed is thus irrelevant for statute of limitations purposes.

And in so doing Thompson pointed to and relied upon (id. at 1249-50 and 1251 n. 4) our Court of Appeals' decision in United States v. Burdix-Dana, 149 F.3d 741, 742-43 (7th Cir. 1998). In Burdix-Dana an information had been filed before the five-year limitations period had run out, but the indictment was returned later -- after expiration of the period -- without a waiver having been obtained under Fed.R.Crim.P ("Rule") 7(b). Here is how Burdix-Dana rejected the contention that the Rule 7(b) requirement operated to modify or limit the literal language of the limitations statute that specifies the institution of the information as the critical date for timeliness purposes (id. at 742-43 (citation omitted)):

> While we recognize that the absence of a valid waiver of prosecution by indictment bars the acceptance of a guilty plea or a trial on the relevant charges, see Fed.R.Crim.P. 7(b), we do not believe that

2

> the absence of this waiver makes the filing
> of an information nullity. Rule 7(b) does
> not forbid filing an information without a
> waiver; it simply establishes that
> prosecution may not proceed without a valid
> waiver. Rule 7(b) concerns itself with the
> requirements that the government must satisfy
> before it proceeds with a prosecution. We do
> not see how this rule affects the statute
> governing the limitation period. There is
> nothing in the statutory language of 18
> U.S.C. § 3282 that suggests a <u>prosecution</u>
> must be instituted before the expiration of
> the five year period; instead the statute
> states that the <u>information</u> must be
> instituted. We hold that the filing of the
> information is sufficient to institute it
> within the meaning of 18 U.S.C. § 3282.

Like the Court in <u>Thompson</u>, this Court finds that parity of reasoning calls for a comparable result here: Rule 6(e)(4), which addresses the sealing of indictments, does not modify or limit the language of Section 3282 that defines the statute of limitations in terms of when the indictment is "found."

To be sure, some other courts have taken the different view that an indictment is considered to be "found" only after unsealing if the sealing has taken place for some improper purpose. But even if this Court were to adopt that view, it would reach the same result in this case. And that is so because the evidentiary hearing has demonstrated Lewis to have suffered no harm whatever from the delay that took place between the return of the indictment and its unsealing. On that score, this Court views <u>Deglomini</u> as simply incorrect. As stated succinctly in 1 Charles Wright, <u>Federal Practice and Procedure</u>: <u>Criminal 3d</u>

3

§ 110, at 472-73 (3d ed. 1999)(footnotes and numerous citations omitted):

> An indictment returned in open court before the statute of limitations has run is valid even though it is then sealed and kept secret until after the period of limitations has expired. Only if a defendant can show substantial actual prejudice in the period between the sealing of the indictment and its unsealing is dismissal of the indictment required on this ground.

That proposition is simply a particularized application of the general principle mandated by Rule 52(a) that the relevant standard is one of harmless error. On that score Thompson, 287 F.3d at 1252-53 properly drew on the Supreme Court's decisions in Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988) and United States v. Lane, 474 U.S. 438, 448 n.11 (1986) as supporting the same proposition. In this instance Lewis' original assertion that records that could have been important to his defense were lost or destroyed during the interim between the return and the unsealing of the indictment was flatly disproved during the evidentiary hearing.

In sum, then, Lewis' motion to dismiss must be and is denied. This ruling ends the period of exclusion for Speedy Trial Act purposes, and a status hearing is therefore ordered to be held at 1:15 P.M. March 13, 2003 to discuss whether any

further delays are essential to permit the parties to prepare for trial and (2) if appropriate, to set a trial date.

                              /s/ Milton I. Shadur
                              Milton I. Shadur
                              Senior United States District Judge

Date:     March 10, 2003